DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas, Juvenile Division, that found appellant to be a delinquent child as to one count of complicity to vandalism and one count of participating in a criminal gang. For the reasons that follow, the judgment of the trial court is affirmed. *Page 2 
 {¶ 2} Appellant sets forth a single assignment of error:
 {¶ 3} "I. The court committed error in finding the appellant delinquent following presentation of the state's evidence and appellant's evidence as the evidence was legally insufficient to the support a conviction of participating in a criminal gang against the appellant and is against the manifest weight of the evidence."
The undisputed facts relevant to the issues raised on appeal are as follows. On the night of May 19, 2007, the Perrysburg Township Police Department received a 9-1-1 call from Andrea Wetzel reporting that a group of individuals, described as Mexicans, were throwing bricks and stones through the windows at her home located on Lot 406, 27695 Tracy Road. She also reported that they had thrown bicycles through windows in her car and her son's car. When Wetzel yelled outside that she had called the police, the individuals got into their cars and fled. As the police were responding to the scene, they were able to stop one of the vehicles. Six adult men and appellant were arrested and taken into custody.
 {¶ 4} Appellant was charged with participating in a criminal gang, a second-degree felony if committed by an adult, in violation of R.C. 2923.42; complicity to vandalism, a fifth-degree felony if committed by an adult, in violation of R.C. 2923.03(A)(2) and (3) and 2909.05(A); complicity to attempted aggravated burglary, a second-degree felony if committed by an adult, in violation of R.C. 2923.03(A)(2) and (3),2923.02(A), and 2911.11(A)(1); and aggravated riot with a gang specification, a fourth-degree felony if committed by an adult, in violation of R.C. 2917.02(A)(2). *Page 3 
 {¶ 5} All four charges proceeded to an adjudicatory hearing on June 19 and 25, 2007. The trial court heard testimony from 15 witnesses, including three detectives who worked on the case from the beginning, several officers who responded to the scene, individuals who witnessed the incident, and appellant. The trial court adjudicated appellant a delinquent child as to the offenses of complicity to vandalism and participating in a criminal gang. A dispositional hearing was held on July 23, 2007. This timely appeal followed.
 {¶ 6} Appellant's sole assignment of error relates only to the finding of delinquency as to participating in a criminal gang. Appellant asserts that the finding was not supported by sufficient evidence and that it was against the manifest weight of the evidence. Appellant argues that the state's evidence rested entirely on circumstantial evidence and therefore was irreconcilable with any reasonable theory of innocence. Specifically, appellant argues that the state failed to prove that he actively participated in a criminal gang in violation of R.C. 2923.42(A) and that appellant's "30 Mexican friends" were a "criminal gang" as defined by R.C. 2923.41(A).
 {¶ 7} "Sufficiency" of the evidence is a question of law as to whether the evidence is legally adequate to support a jury verdict as to all elements of the crime. State v. Thompkins (1997), 78 Ohio St.3d 380,386, 1997-Ohio-52. When reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court must examine "the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The *Page 4 
relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. A conviction that is based on legally insufficient evidence constitutes a denial of due process, and will bar a retrial. Thompkins, supra, at 386-387.
 {¶ 8} In contrast, a manifest weight challenge questions whether the state has met its burden of persuasion. Thompkins, at 387. In making this determination the court of appeals sits as a "thirteenth juror" and, after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."Thompkins, supra, at 38, citing State v. Martin, (1983),20 Ohio App.3d 172, 175.
 {¶ 9} In order to determine the sufficiency of the state's evidence related to the charge that appellant participated in a criminal gang, we must consider the definitions of "criminal gang," "pattern of criminal gang activity" and "criminal conduct" as set forth in the Revised Code along with the evidence adduced at trial.
 {¶ 10} Appellant was found delinquent in connection with R.C. 2923.42, participating in a criminal gang, which states: *Page 5 
 {¶ 11} "(A) No person who actively participates in a criminalgang, with knowledge that the criminal gang engages in or has engaged ina pattern of criminal gang activity, shall purposely promote, further, or assist any criminal conduct, as defined in division (C) of section 2923.41 of the Revised Code, or shall purposely commit or engage in any act that constitutes criminal conduct, as defined in division (C) of section 2923.41 of the Revised Code." (Emphasis added.)
 {¶ 12} R.C. 2923.41(A) defines a "criminal gang" as:
 {¶ 13} "[A]n ongoing formal or informal organization, association, or group of three or more persons to which all of the following apply:
 {¶ 14} "(1) It has as one of its primary activities the commission of one or more of the offenses listed in division (B) of this section.
 {¶ 15} "(2) It has a common name or one or more common, identifying signs, symbols, or colors.
 {¶ 16} "(3) The persons in the organization, association, or group individually or collectively engage in or have engaged in a pattern of criminal gang activity."
 {¶ 17} The state presented testimony from Detective James Gross, with the Perrysburg Township Police Department, and Officer Doug Allen, with the Toledo Police Department Gang Unit, that the "criminal gang" with which appellant associated was one known as "SUR-13" or "Surenos," a subset of the Mexican Mafia, a known national gang. Detective Gross, who is a member of the Wood County Gang Task Force, testified that after he processed the crime scene, he went to the police station and observed suspects *Page 6 
with tattoos and clothing which he recognized as characteristic of the SUR-13 gang. The detective requested detailed photographs of all of the tattoos on the five adult suspects. He also saw appellant wearing a shirt with the number 13 on the back and shoulders, which Gross recognized from his experience with gang behavior as a characteristic of SUR-13. The shirt was from a clothing line which is commonly worn by SUR-13 members, with a tag inside reading "Brown Pride," another indicator of SUR-13 association, according to Detective Gross. Appellant gave the shirt to the detective and Gross held it as evidence. Detective Gross also inventoried the vehicle that had been stopped and found a notebook with a number of references to SUR-13 and various members of the gang throughout its pages, which the detective described in detail. Two of the adult suspects admitted to being members of SUR-13 and three denied any gang affiliation. The detective further testified in detail as to the specific SUR-13 "indicators" displayed by the adult suspects' tattoos.
 {¶ 18} Officer Allen, who has worked with the gang crime unit since 1989, testified that one of the primary activities of SUR-13 in northwest Ohio is to take over the local drug trade and other criminal enterprises. He further testified that the local gangs are involved in drugs, stolen property, crimes of violence and robberies.
 {¶ 19} Officer Allen also testified as to the common identifying signs, symbols and colors of SUR-13. SUR-13 is part of the Mexican Mafia nation, which displays specific colors and dresses in certain ways. The officer identified the shirt that appellant was wearing when he was arrested and stated that the number 13 on the shirt indicated *Page 7 
appellant was "proclaiming" SUR-13. Officer Allen also identified several photographs in which appellant and other gang members displayed gang signs. One of the individuals was displaying several tattoos which indicated gang involvement. He also identified numerous photographs of the individuals arrested along with appellant which showed a wide variety of tattoos making distinct references to SUR-13 and gang activities. Contrary to appellant's testimony that he was too young to be in a gang, Officer Allen testified that he has never heard of an age requirement for initiation into a gang.
 {¶ 20} Lastly, pursuant to R.C. 2923.41(A)(3), in order to be a "criminal gang," the group of three individuals must engage in, or have engaged in, a "pattern of criminal gang activity." According to R.C. 2923.41(B)(1), a pattern of criminal gang activity arises when the persons in the gang have committed two or more of any of the offenses set forth in that division. The offenses include a felony or offense of violence, a felony or offense of violence committed by a juvenile that would be a felony or offense of violence if committed by an adult, and several enumerated violations of R.C. Chapter 29. Further, four additional criteria must apply with respect to the offenses listed in division (B)(1): at least one of the two or more offenses must be a felony; at least one of those two or more offenses must have occurred on or after January 1, 1999; the last of those two or more offenses must have occurred within five years after at least one of those offenses; and the two ore more offenses must have been committed on separate occasions or by two or more persons. *Page 8 
 {¶ 21} As to R.C. 2923.41(B)(1), the undisputed testimony of Officer Allen was that SUR-13 members have committed or have attempted to commit multiple "crimes of violence" as well as other offenses that constitute felonies. Officer Allen testified that, in carrying out their gang activity in the Toledo area, SUR-13 members committed robberies, burglaries, drive-by shootings and acts of vandalism, and have threatened and followed through on threats of harm against others not in the gang. In satisfaction of R.C. 2913.41(B)(2)(a)-(d), Officer Allen's undisputed testimony established that at least one of the offenses described above is a felony; at least one of those offenses occurred on or after January 1, 1999; the most recent of those offenses occurred within five years after one of the other offenses; and two or more of the offenses were committed on separate occasions or by two or more persons. Therefore, the testimony established that SUR-13 engages in a pattern of criminal gang activity. Based on the foregoing, we find that the testimony established that SUR-13 is a criminal gang as defined by R.C. 2923.41(A).
 {¶ 22} Next, pursuant to R.C. 2923.42, we must consider whether the state presented sufficient evidence that appellant actively participated in the criminal gang, with knowledge that the gang engages in or has engaged in a pattern of criminal gang activity, and that he purposely engaged in any act that constitutes criminal conduct.
 {¶ 23} The state presented a plethora of evidence of appellant's active and willing participation in SUR-13, which we have already established is a "criminal gang." Officer Allen and Detective Gross identified numerous photographs of appellant posing with other known gang members while wearing gang-related clothing and displaying gang *Page 9 
hand signs. Detective Gross also testified that he observed appellant flashing gang signs while another witness was testifying earlier in the trial. Appellant himself testified that he was aware of the gang signs, and was familiar with the gang's rules and commandments. Appellant admitted hanging out with the gang members "all the time" and not wanting to be left out. Appellant admitted knowing that the other individuals in the other cars on the night of the offense were gang members.
 {¶ 24} Further, appellant's own testimony supports the assertion that he had knowledge that the gang engaged in a pattern of criminal gang activity. Appellant admitted that he knew the gang members were involved in drive-by shootings when he suggested that there was a rule that you had to be at least 18 years old to participate in such crimes. Also, it is evident appellant knew that SUR-13 members were involved in the acts of vandalism that occurred on the night of his arrest.
 {¶ 25} Finally, the trial court found that appellant actively participated in the offense of vandalism on May 29, 2007. That finding constitutes sufficient evidence that appellant purposely committed or engaged in an act that constitutes criminal conduct, which is the third element of participating in a criminal gang under R.C. 2923.42(A).
 {¶ 26} This court has thoroughly considered the entire record of proceedings in the trial court and finds that the state presented sufficient evidence from which, when viewed in a light most favorable to the state, a rational trier of fact could have found appellant a delinquent child as to the offense of participating in a criminal gang in violation of R.C. 2923.42. See State v. Jenks (1991),61 Ohio St.3d 259, syllabus. As this court has *Page 10 
consistently affirmed, the trier of fact is vested with the discretion to weigh and evaluate the credibility of conflicting evidence in reaching its determination. It is not within the proper scope of the appellate court's responsibility to judge witness credibility. State v.Hill, 6th Dist. No. OT-04-035, 2005-Ohio-5028, ¶ 42. Further, based on the evidence summarized above, this court cannot say that the trial court clearly lost its way or created a manifest miscarriage of justice by finding appellant delinquent of the charge of participating in a criminal gang. State v. Thompkins (1997), 78 Ohio St. 3d 380, 387, quoting State v. Martin (1983), 20 Ohio App. 3d 172.
 {¶ 27} Based on the foregoing, appellant's sole assignment of error is not well-taken.
 {¶ 28} On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Wood County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 11 
Mark L. Pietrykowski, P.J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1